**E-Filed 2/23/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHERYL J. PATITO,<br><br>    Plaintiff<br><br>    v.<br><br>COUNTRYWIDE BANK, FSB; RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 to 250, inclusive,<br><br>    Defendants | Case Number   C 09-04843 JF (HRL)<br><br>ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES AND PUNITIVE DAMAGES<br><br>[Re: Document No. 5] |

    On May 22, 2007, Plaintiff Cheryl Patito ("Patito"), a licensed real estate agent and loan broker, Defendant's Request for Judicial Notice ("RJN") Ex. 5, 6,[1] entered into a loan agreement

---

[1] Defendants make an unopposed request that the Court take judicial notice of six documents: the promissory note ("the note"), Ex. 1; deed of trust, Ex. 2; the Truth in Lending Disclosure Statement ("TILDS"), Ex. 3; the Payment Advantage Adjustable Rate Mortgage Disclosure, Ex. 4; the Loan Application, Ex. 5; and records of the California Department of Real Estate establishing Patito's status as a licensed broker in California, Ex. 6.  Under the incorporation by reference doctrine, the Court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir.1999), quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994)) (alteration in original); *see also In re Stac Elcs. Sec. Litig.,* 89 F. 3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete copies of documents whose contents are alleged in the complaint may be considered in connection with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).  Accordingly, the Court takes judicial notice of these documents.

    Moreover, "it is proper for the [Court] to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little*

with Defendant Countrywide in the amount of $487,500.00, secured by real property located at 1369 Glacier Drive, Milpitas, CA 95035 (" the Property").  Complaint ¶¶ 1, 8, 9, Ex. A (Deed of Trust); D. RJN Exs. 1, 2.  Patito does not allege that the Property is her primary residence.  The loan application lists three properties Patito owns and indicates that the purpose of the loan at issue here was to refinance an investment property.  RJN Ex. 5 at 1, 3.

      Patito alleges that Defendants failed to disclose clearly and conspicuously in the Loan Documents the actual interest rate, the actual amounts financed by the notes, the adjustable features of the note, and that Patito was not qualified to obtain the loan.  Complaint ¶ 5.

      In February 2009, ReconTrust, the foreclosing trustee, served Patito with a Notice of Default and Election to Sell Under the Deed of Trust, stating that she owed $13,441.61.  *Id.* ¶ 12, Ex. B (Notice of Default).  Patito does not allege that she has tendered the amount due on her loan or that she has or will have the ability to do so.  On or about September 4, 2009, Patito filed a complaint in the Santa Clara Superior Court for violations of the Truth in Lending Act ("TILA"), unlawful business practices, unfair and fraudulent business practices, fraudulent omissions, quiet title, rescission based on fraud, unfair debt collection practices, breach of fiduciary duty, breach of contract, and breach of the covenant of good faith and fair dealing.  In addition to damages, Patito sought declaratory and injunctive relief.

      On October 13, 2009, Defendants Countrywide Bank, FSB, ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") removed the action to this Court.  On October 20, 2009, Defendants moved to dismiss the instant action for failure to state a claim and to strike Patito's prayer for attorney's fees and punitive damages.  On January 29, 2010, Defendants notified the Court that they had not received opposition to their

---

*Co. of Mary* Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (internal citations omitted); *see also Kourtis v. Cameron*, 419 F.3d 989, 994 n. 2 (9th Cir. 2005).  The official records of the California Department of Real Estate are subject to judicial notice as a public record. Fed. R. Evid. 201 (b); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that the Court's consideration of such documents does not convert the Rule 12(b)(6) motion into a motion for summary judgment).

Case Number   C 09-04843 JF (HRL)
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES AND PUNITIVE DAMAGES
(JFLC1)

motions to dismiss and strike. On February 1, 2010, ten days after her opposition papers were due, Patito filed opposition to the motion to dismiss.[2]

## II. LEGAL STANDARD

### A. Motion to Dismiss

A complaint may be dismissed for failure to state a claim upon which relief may be granted if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998), *see also Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1997). However, the Court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive motion to dismiss). Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F. 3d 245, 248 (9th Cir. 1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### B. Motion to Strike

Pursuant to Federal Rule of Procedure Rule 12(f), the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This includes striking parts of the prayer for relief when the relief sought is "not recoverable as a matter of law." *Shabaz v. Polo Ralph Lauren Corp.,* 586 F.Supp.2d 1205, 1209 (C.D. Cal. 2008) (citations omitted).

As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d

---

[2] Because Patito proceeds pro se, the Court has considered her late-filed opposition papers. However, Patito must comply with the Civil Local Rules in all future filings.

3

Case Number   C 09-04843 JF (HRL)
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES AND PUNITIVE DAMAGES
(JFLC1)

Case 5:09-cv-04843-JF   Document 31   Filed 02/23/10   Page 4 of 8

404 (1969); *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). Also as with motions to dismiss, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *See Lucas*, 66 F.3d at 248.

### III. DISCUSSION

**A. TILA Claims**

**1. TILA Damages Claim**

Patito seeks money damages for which the applicable limitations period is one year. 15 U.S.C. § 1640(e). The complaint alleges that the loan transaction at issue in this action was consummated on May 22, 2007. Complaint ¶ 8. Patito did not file her complaint in the instant action until September 4, 2009. It is undisputed that the one-year time limit of §1640(e) has expired. Patito claims, however, that the doctrine of equitable tolling suspends the one-year statute of limitations. She contends that:

> Plaintiff in this instant case never knew the real intentions of the Defendants in the loan transaction. All she knew was that she badly needed to procure the loan and Defendants, under the guise of being a good helper, took advantage of the Plaintiff's financial situation and her lack of knowledge in regard to the transaction they were about to enter into. This situation by the Plaintiff made everything easy for the Defendants to facilitate their real intentions defrauding the Plaintiff in the loan transaction.

Opp. Mot. at 8-9.

Equitable tolling of the TILA limitations period is authorized in appropriate circumstances. *King v. California*, 784 F.2d 910, 914-15 (9th Cir. 1986). Such circumstances exist where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Santa Maria v. Pac Bell*, 202 F.3d 1170, 1178 (9th Cir. 2002). In such a case, the limitations period may be extended "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. A motion to dismiss on statute of limitations grounds should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Plascencia v. Lending 1st*, 583 F.Supp.2d 1090, 1097 (N.D. Cal. 2008), quoting *Durning v. First Boston Corp.,* 815 F.2d 1265,

4

Case Number   C 09-04843 JF (HRL)
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES AND PUNITIVE DAMAGES
(JFLC1)

1278 (9th Cir. 1987). The current complaint fails to meet even this liberal pleading standard. Patito makes no allegations as to when or how she discovered the alleged fraud or the non-disclosures that form the basis of her TILA action.

Defendants contend that Patito cannot cure this shortcoming by amendment because she had all the information needed to evaluate a claim at the time she received her disclosures. Defendants assert that the TILDS, which Patito signed and admitted receiving, included a full disclosure of Patito's annual percentage rate, finance charge, amount financed, and payment schedule. RJN, Ex. 3. Patito does not oppose Defendants' requests for judicial notice in her opposition or question the authenticity of the TILDS. However, at this early stage of the proceedings, the Court will afford Patito an opportunity to explain with specificity how the TILDS failed to provide the clear and conspicuous disclosure required under TILA.

### 2. TILA Rescission Claim

#### a. Principal Dwelling

Defendants contend that TILA does not provide Patito with a right of rescission because the subject property is an investment property rather than Patito's principal dwelling. By its express terms, Regulation Z applies only to "a credit transaction in which a security interest is or will be retained or acquired in a consumer's *principal dwelling...*" 12 C.F.R. § 226.23(a) (emphasis added); *see* 15 U.S.C. § 1635(a); *see also Cataulin v. Washington Mut. Bank, SFB*, 2009 WL 648921 (S.D. Cal. Mar. 9, 2009) ("pursuant to Regulation Z, the right to rescind flows only to transactions 'in which a security interest is or will be retained or acquired in a consumer's principal dwelling ....Plaintiffs allege the loan was used 'to purchase' the Property as a 'rental investment' rather than their principal dwelling.") As noted earlier, the loan documents establish that Patito intended to use the subject property for investment. RJN Ex. 5 at 1. Patito identifies no exception to the rule that TILA rescission claims do not apply to investment property loans. Accordingly, Patito may amend her rescission claim only if she can allege truthfully that the subject property is her principal residence.

5

**B. Fair Debt Collections Act Claim**

Patito claims that Defendants engaged in unfair debt collection practices under the federal Fair Debt Collection Practices Act ("FDCPA"). Complaint. ¶¶ 95-97. However, the FDCPA does not apply to foreclosures. *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008) ("foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA)." Patito argues that *Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227 (3rd Cir. 2005) and *Oppong v. First Union Mortgage Corp.*, 407 F.Supp.2d 658 (E.D. Pa. 2005) support her position. However, *Piper* addressed the debt collection practices of a law firm on behalf of its client and the facts of that case are irrelevant to the non-judicial foreclosure at issue here. *Oppong* also is distinguishable in that the defendant bank was an assignee of a previously defaulted mortgage; here, Countrywide Bank was Patito's lender, not an assignee of a mortgage already in default. Because it does not appear that the deficiency in the claim could be cured by amendment, leave to amend will be denied.[3]

**C. Supplemental jurisdiction**

Patito's TILA and FDCPA claims provide the sole basis for federal subject matter jurisdiction. While federal courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," id. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction

---

[3] It is unclear whether Patito intended to assert an independent claim for relief pursuant to the Real Estate Settlement Procedures Act ("RESPA"). While a RESPA claim is not included among her claims for relief, Patito does reference RESPA within her "[e]ight [*sic*] cause of action for unfair debt collection practices." Complaint ¶ 96 (alleging a violation of Sections 2601 to 2617). Defendants move to dismiss this claim. Patito does not address the motion to dismiss the potential RESPA claim in her opposition papers. Accordingly, this aspect of Defendants' motion will be granted.

6

Case Number   C 09-04843 JF (HRL)
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES AND PUNITIVE DAMAGES
(JFLC1)

over state claims." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."). Because it is not clear that Patito can state a viable federal claim, the Court will defer its review of the remaining state-law claims.

### D. Motion to Strike

Defendants' motion to strike Patito's prayer for attorney's fees and punitive damages remains unopposed. The motion is well-taken and will be granted.

## IV. ORDER

Good cause therefor appearing, the motions to dismiss and strike are GRANTED, with leave to amend the TILA claims as set forth above. The FDCPA and RESPA claims are dismissed without leave to amend. Any amended complaint shall be filed within thirty (30) days of the date this order is filed.

**IT IS SO ORDERED.**

DATED: February 23, 2010

_____
JEREMY FOGEL
United States District Judge

7

Case Number   C 09-04843 JF (HRL)
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES AND PUNITIVE DAMAGES
(JFLC1)

1  This Order has been served upon the following persons:

2  Cheryl J Patito
   1425 Little Orchard Street
3  San Jose, CA 95110
   PRO SE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Number   C 09-04843 JF (HRL)
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES AND PUNITIVE DAMAGES
(JFLC1)